FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00355-BNB

DARWYNN L. BARWICK,

     Plaintiff,

v.

GERALD WHITMAN, Chief of Police,
PHIL DEEDS, Chief of Sheriffs,
DAVID R. FINE, City Attorney,
JEFFERY BEHNKE, Denver Police Officer Serial No. 96003,
MICHEAL MAY, Denver Police Officer Serial No. 00045,
KEN STARBUCK, Denver Police Officer Serial No. 01068,
RICHARD ZIEGLER, Denver Police Officer Serial No. 05032, and
UNKNOWN SHERIFFS DETECTIVE,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

     Plaintiff, Darwynn L. Barwick, currently resides in Denver, Colorado. Mr.
Barwick, acting *pro se*, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that his
rights under the United States Constitution have been violated. Mr. Barwick also
asserts violations under 18 U.S.C. § 242. The Court must construe the Complaint
liberally because Mr. Barwick is not represented by an attorney. *See Haines v. Kerner*,
404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d
at 1110. For the reasons stated below, Mr. Barwick will be ordered to file an Amended
Complaint.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Barwick fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Barwick's Complaint is disjunctive and repetitive and in part fails to assert proper jurisdiction. The Court, therefore, will direct Mr. Barwick to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Barwick is reminded he must present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Barwick also is reminded that he must name the proper parties who are responsible for violating his constitutional rights and assert each defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Barwick must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A named defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Barwick further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [   ]; when the defendant did it; how the defendant's action harmed him [   ]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Also, Mr. Barwick is instructed that there is no private cause of action under 18 U.S.C. § 242.  *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); *see also Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting no authorized private cause of action).  A plaintiff cannot recover civil damages for an alleged violation of a criminal statute.  *Shaw v.*

*Neece,* 727 F.2d 947, 949 (10th Cir. 1984); *see also Winslow v. Romer,* 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). The assertion of jurisdiction under 18 U.S.C. § 242 is legally frivolous. Accordingly, it is

ORDERED that Mr. Barwick file an Amended Complaint as instructed above, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barwick, together with a copy of this Order, two copies of the Court-approved form used in filing complaints. It is

FURTHER ORDERED that if Mr. Barwick fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED April 13, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-00355-BNB

Darwynn L Barwick
1422 Valentia St #C
Denver, CO 80220

I hereby certify that I have mailed a copy of the **ORDER and of the Complaint form** to the above-named individuals on April 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk