IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00355-BNB

DARWYNN L. BARWICK,

    Plaintiff,

v.

GERALD WHITMAN, Chief of Police,
PHIL DEEDS, Chief of Sheriff,
JEFFERY BEHNKE, D.P.O., No. 96003,
MICHEAL MAY, D.P.O., No. 00045,
KEN STARBUCK, D.P.O., No. 01068,
RICHARD ZIEGLER, D.P.O., No. 05032, and
UNKNOWN SHERIFF DET.,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 20 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

    Plaintiff, Darwynn L. Barwick, currently resides in Denver, Colorado. Mr. Barwick, acting *pro se*, initiated this action by filing a Complaint and asserting violations of his U.S. Constitutional rights under 42 U.S.C. § 1983. Because the Complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8, on April 13, 2011, Magistrate Judge Boyd N. Boland directed Mr. Barwick to file an Amended Complaint, which he did on June 24, 2011.

    The Court must construe the Amended Complaint liberally because Mr. Barwick is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not serve as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Amended Complaint will be dismissed.

Mr. Barwick asserts three claims, which include: (1) an unlawful arrest on July 27, 2010, because he is Black (Mr. Barwick refers to July 27, 2011, on Page Two of the Amended Complaint as the date of the arrest. The correct date is July 27, 2010, which is referred to on Page Seven of the Amended Complaint); (2) a stop, search, and arrest without probable cause on February 10, 2006, based on racial profiling; and (3) a selling of his impounded car by the Denver Sheriff's Office without notification. Mr. Barwick seeks money damages.

To the extent, Mr. Barwick asserts a Fourth Amendment false arrest claim, and challenges the legal process itself as wrongful, he may do so by claiming either he was arrested without a warrant or the warrant was not supported with the required probable cause. See *Wilkins v. DeReyes*, 528 F.3d 790, 798 (10th Cir. 2008). With respect to the February 10, 2006 incident, Mr. Barwick asserts he was stopped, searched, and arrested without probable cause, but as for the July 27, 2010 incident he fails to challenge the lack of either a warrant or probable cause with respect to his arrest.

The claims regarding the February 10, 2006 incident, however, are deficient and subject to dismissal for the reasons stated below. First, a police officer's reason for stopping a vehicle is irrelevant in determining whether the driver's Fourteenth Amendment rights were violated. See *Whren v. United States*, 517 U.S. 806, 812-13 (1996). "[T]he fact that [Plaintiff] may have an equal protection claim against the arresting officer has absolutely no bearing on whether the officer's traffic stop was reasonable under the Fourth Amendment." *United States v. Adkins*, 1 F. App'x 850, 851 (10th Cir. 2001) (citing *Whren*, 517 U.S. at 813) (citation omitted).

2

Although the targeting of a criminal suspect solely by reference to the subject's race violates the constitution, *see United States v. Brignoni–Ponce,* 422 U.S. 873 (1975), the basic premise of the Equal Protection Clause is that all similarly situated persons should be treated alike by state actors, *see City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). "[P]laintiff must demonstrate that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose." *Marshall v. Columbia Lea Regional Hosp.,* 345 F.3d 1157, 1168 (10th Cir. 2003) (citing *United States v. Armstrong,* 517 U.S. 456, 465 (1996)). "These standards have been applied to traffic stops challenged on equal protection grounds." *Marshall,* 345 F.3d at 1168 (citing *Chavez v. Illinois State Police,* 251 F.3d 612, 635-36 (7th Cir. 2001) (citation omitted). The discriminatory purpose need not be the only purpose, but it must be a motivating factor in the decision. *Marshall,* 345 F.3d at 1168 (citations omitted).

Even if the facts are sufficient to infer discriminatory intent, plaintiff has not provided evidence of a discriminatory effect. "To establish discriminatory effect, a [driver] asserting race-based selective enforcement in a traffic stop or arrest must 'make a credible showing that a similarly-situated individual of another race could have been, but was not, [stopped or] arrested . . . for the offense for which the defendant was [stopped or] arrested.' " *McNeal v. Losee,* No. 08-2472-CM, 2009 WL 1580274, at *6 (D. Kan. June 3, 2009) (quoting *United States v. Alcaraz-Arellano,* 441 F.3d 1252, 1264 (10th Cir. 2006) (citation omitted). An alleged victim must prove by "direct, circumstantial, or statistical evidence, that he [or she] was a target of racial profiling." *United States v. Saucedo,* 226 F.3d 782, 790 (6th Cir. 2000), *cert. denied,* 531 U.S.

3

1102 (2001). Mere speculation that the police had selected a suspect because of racial bias is inadequate to support a racial profiling charge. *Id.*

Nothing in Mr. Barwick's claims regarding the February 10, 2006 incident suggests that Defendant Ziegler's actions in stopping and arresting Mr. Barwick were motivated by a discriminatory purpose. Moreover, Mr. Barwick's racial profiling claim is a conclusory allegation devoid of any supporting facts and, as such, it does not support a plausible claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The claims against Defendant Ziegler, therefore, will be dismissed as legally frivolous.

Second, Mr. Barwick's claim that his due process rights were violated when he was arrested on February 10, 2006, and not brought before a judicial officer within forty-eight hours is without merit. States are not constitutionally compelled to provide a probable cause hearing immediately upon taking a suspect into custody and completing booking procedures. *County of Riverside v. McLaughlin*, 500 U.S. 44, 53 (1991). It is left to the individual States to incorporate probable cause determinations "into their differing systems of pretrial procedures." *Id.* (citing *Gerstein v. Pugh*, 420 U.S. 103, 123-24 (1975).

Here, Mr. Barwick was arrested on February 10, 2006, at 10:00 p.m., a Friday evening, and received an appearance before a judicial officer on February 13, 2006, the following Monday morning. Am. Compl. at 10. Even if a specific state law exists that requires an appearance before a judicial officer within forty-eight hours, the fact that Mr. Barwick was not seen by a judicial officer within the forty-eight hours, as indicated on the Criminal Summons and Complaint that he attached to his Complaint, but was seen within fifty-eight hours, the additional ten hours he remained in custody does not violate

his constitutional rights. See *County of Riverside*, 500 U.S. at 56. Furthermore, Mr. Barwick fails to state who was responsible for failing to see that he appeared before a judicial officer within forty-eight hours of his arrest. This claim will be dismissed as frivolous.

Third, with respect to Mr. Barwick's claim that his car was impounded by the police and sold without due process and notification, subsequent to his February 10, 2006 arrest, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Barwick fails to allege that a meaningful postdeprivation remedy was unavailable. The claims Mr. Barwick asserts against the Unknown Sheriff Detective, therefore, are frivolous and will be dismissed.

Finally, the statute of limitations for a Fourth Amendment claim begins to run when the alleged false imprisonment ends, which is either at the time a victim is released or is bound over by a magistrate or arraigned on charges. See *Mondragon v. Thompson* 519 F.3d 1078, 1082-83 (10th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. at 384, 389-90 (2007)). Mr. Barwick asserts he was released on February 13, 2006. Because § 1983 claims brought in Colorado are subject to a two-year statute of limitations, see *Blake v. Dickason,* 997 F.2d 749, 750–51 (10th Cir. 1993), Mr. Barwick's claims concerning the February 10, 2006 incident are time-barred.

Nonetheless, Court will refrain from discussing tolling as a equitable remedy for the time bar and dismiss the Fourth Amendment claim regarding the February 10, 2006 arrest as either frivolous or as a conclusory allegation devoid of any supporting facts.

Likewise, the racial filing and delay in appearance claims are barred by the statute of limitations, but will be dismissed as either frivolous or as conclusory allegations.

Furthermore, Mr. Barwick was instructed by Magistrate Judge Boland, in the April 13 Order, that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).

Mr. Barwick fails to state how Defendants Gerald Whitman, Phil Deeds, and Ken Starbuck personally participated in any of the claims he asserts. Defendants Whitman, Deeds, and Starbuck, therefore, are inappropriate parties to the action and will be dismissed.

Nonetheless, Mr. Barwick's claim that Defendant Jeffery Behnke arrested him but did not arrest Mr. Sickeler, who is White, even though Mr. Barwick and Mr. Sickeler

were involved in the July 27 incident, will be drawn to a district judge and to a magistrate judge. Also, Mr. Barwick's claim against Defendant Micheal May that he failed to seek a statement from Mr. Barwick and other witnesses regarding the July 27 incident will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Mr. Barwick's claims regarding the February 10, 2006 arrest are dismissed as either conclusory allegations or legally frivolous. It is

FURTHER ORDERED that Defendants Gerald Whitman, Phil Deeds, Ken Starbuck, Richard Ziegler, and Unknown Sheriff Detective are dismissed as inappropriate parties to this action. It is

FURTHER ORDERED that Mr. Barwick's claims against Defendants Jeffery Behnke and Micheal May, as described above, shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __20th__ day of _____July_____, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00355-BNB

Darwynn L Barwick
1422 Valentia St #C
Denver, CO 80220

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk