IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00355-PAB-KLM

DARWYNN L. BARWICK,

    Plaintiff,

v.

JEFFREY BEHNKE, D.P.O. No. 96003, and
MICHEAL MAY, D.P.O. No. 00045,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's "Motion for Leave for a Reasonalbe [sic] Accomidation [sic] Limiting the Defendants [sic] Depositions to Rule 31 Written Depositions vs. Rule 30 Oral Depositions Due to His Federally Recognized Disability, Plaintiff' [sic] Motion to Amend the Amount of Damages to $6,000,000.00"** [Docket No. 41; Filed February 13, 2012] (the "Motion").  The Motion is referred to this Court for disposition [#42].  Defendants filed a Response in opposition to the Motion on February 15, 2012 [#43].  Plaintiff did not submit a Reply.  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

Plaintiff, who proceeds in this matter *pro se* and *in forma pauperis*, brings this lawsuit pursuant to 42 U.S.C. § 1983.  *See* [#13].  The Amended Complaint filed June 24, 2011, is the operative pleading.  *Id.*  On July 20, 2011, the reviewing District Judge dismissed Plaintiff's case in part, leaving Plaintiff's claims against Defendants Behnke and May, arising from an allegedly unlawful arrest that occurred on July 27, 2010.  *See* [#14].  In

1

sum, Plaintiff, who is black, believes that "he was the only Person of Color arrested" after a fight that occurred on his property between himself and his white neighbor. *See* [#13]; *Sched. Ord.*, [#32] at 4-7.  Plaintiff contends that the arrest violated his constitutional rights pursuant to the First, Fourth, and Fourteenth Amendments.  *Id.*

On January 11, 2012, the Court held a discovery hearing as to the dispute presented by the Motion at issue.  The Court instructed Plaintiff to file a written motion requesting that his deposition be limited to written questions on or before February 13, 2012 [#40].  The Court directed Plaintiff to attach evidence regarding the nature and extent of his alleged disability to any such motion.  *Id.*

In his Motion, Plaintiff asserts that he has unidentified "federally recognized disabilities." [#41] at 1.  Due to these alleged disabilities, Plaintiff believes that he should not be subject to an oral deposition pursuant to Fed. R. Civ. P. 30.  In lieu of an oral deposition, Plaintiff asks the Court to limit Defendants' ability to depose Plaintiff to the form of a written deposition pursuant to Fed. R. Civ. P. 31.  Plaintiff believes that, because there are two defendants and two attorneys in this lawsuit, he could be subject to a fourteen hour oral deposition.  *Id.* at 2.  In support of his assertion that he suffers from disabilities, Plaintiff explains that he receives income from Social Security.  *Id.* at 3.  Further, with his Motion, Plaintiff included a letter dated April 13, 2011, from Andrew Steele, MD, stating that "[d]ue to mental illness, [Plaintiff] has certain limitations regarding coping with stress/anxiety." *Id.* at 4.  The letter indicates that Plaintiff may utilize an "emotional support animal[ ]" as assistance related to his disability.  *Id.*

Defendants object to Plaintiff's request for a written, as opposed to oral, deposition. Defendants contend that Plaintiff does not satisfy the significant burden of showing that the preclusion of an oral deposition is necessary. [#43] at 3-4.  Defendants assert that the

single letter attached to the Motion does not constitute competent medical evidence supporting Plaintiff's request for an accommodation. *Id.* at 4. Defendants state that their need to prepare a defense to this case implicates the necessity of taking Plaintiff's oral deposition. *Id.* at 6. However, Defendants are not insensitive to Plaintiff's alleged disability; they represent that they "are willing to reasonably schedule the deposition to accommodate Plaintiff and allow him to take breaks as necessary." *Id.* at 5.

"In seeking to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health." *Everest Nat'l Ins. Co. v. Sutton*, No. 09-cv-00913-MSK-MEH, 2009 WL 1384167, at *1 (D. Colo. May 15, 2009) (citing *Coursey v. City of Camden*, No. 05-2820-RBK-AMD, 2009 WL 961537, at *3 (D.N.J. Apr.7, 2009)); *see also S.E.C. v. Children's Internet, Inc.*, No. C-06-6003, 2008 WL 346419, at *3 (N.D.Cal. Feb. 7, 2008) ("There is no doubt that [the witness] has a serious medical condition. However, the question for the Court is whether [the witness'] medical situation is so grave that he cannot participate in any kind of deposition, in particular, one in which special accommodations could be made."); *S.E.C. v. Misner*, No. 07-cv01640-REB-MEH, 2007 WL 3232132, at *2 (D. Colo. Oct. 30, 2007) (allowing the defendant who alleged a heart ailment to have present a personal representative for medical support at the deposition and instructing the parties to be mindful of health conditions when scheduling the deposition); *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C.1987) ("The Court finds that the brief and conclusory doctor's certificate is not sufficient to obtain a blanket ninety-day protective order against her deposition.").

Here, Plaintiff includes a single letter, dated nearly one year ago and referring in large part to the utility of an emotional support animal for Plaintiff, as evidence for his

3

request.  This is a minimal showing, and although the Court will not reject the letter outright, the Court gives it little weight.  See Misner, 2007 WL 3232132 at *2 ("In cases granting deponents protection from oral depositions, courts generally rely on the testimony of medical experts as to the deponents' health.").  The Court finds more compelling Defendants' position on the issue.  Plaintiff initiated the lawsuit, and despite his pro se status, is obligated to comply with the rules of procedure that govern other litigants.  See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).  Without a stronger showing from Plaintiff, the Court finds that Plaintiff simply does meet his burden of making a specific and documented factual showing that the deposition will be dangerous to his health.

Nonetheless, the Court, like Defendants, is not insensitive to Plaintiff's presumed stress- and anxiety-related alleged disability.  Similar to the instructions issued in Misner and Sutton, the Court directs the parties to be mindful of Plaintiff's asserted disability and to schedule the timing and location of the deposition in consideration of such disability (for example, the Court encourages but does not order the parties to consider conducting the deposition in two stages, on two different days).  Further, the Court explicitly limits Plaintiff's deposition to no more than seven hours, as prescribed by Fed. R. Civ. P. 30.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#41] is **DENIED** to the extent that Defendants are permitted to conduct a Rule 30 deposition of Plaintiff consistent with the instructions stated herein.

Regarding the portion of Plaintiff's Motion seeking leave to amend the damages request stated in his Amended Complaint [#13] to $6,000,000.00, Defendants do not oppose this request (but "reserve their right to contest all aspects of Plaintiff's claimed damages in this case").  [#43] at 1.  Accordingly,

5

IT IS FURTHER **ORDERED** that Plaintiff's Motion [#41] is **GRANTED** to the extent that the Amended Complaint [#13] is amended to reflect the amount of damages requested as $6,000,000.00, effective by entry of this Order. The Court notes that, should Plaintiff seek further leave to amend his Amended Complaint, such request must be presented in the form of a motion compliant with the Federal and Local Rules, and Plaintiff must present a proposed Second Amended Complaint as a document separate from the motion. The Court will not allow piecemeal pleading, other than the amended damages amount as stated herein.

Dated: March 7, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge