IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00355-PAB-KLM

DARWYNN L. BARWICK,

      Plaintiff,

v.

JEFFREY BEHNKE, D.P.O. No. 96003, and
MICHEAL MAY, D.P.O. No. 00045,

      Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's "Response Magistrate Judge Kristen L. Mix's Order Dated March 7th 2012 and His Motion for Reconsideration . . ."** [Docket No. 46; Filed March 16, 2012] (the "Motion").  Plaintiff asks the Court to reconsider the Order issued March 7, 2012 [#45], which denied Plaintiff's request to submit to a written deposition, as opposed to an oral deposition.  The Court explicitly limited Plaintiff's oral deposition to no more than seven hours, and instructed the parties to be mindful of Plaintiff's asserted disability and to schedule the timing and location of the deposition in consideration of such disability.  [#45] at 4.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well established in the Tenth Circuit that grounds for a motion to reconsider are ordinarily limited to the following:  "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Thus, a motion to reconsider is typically "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*

Plaintiff fails to identify a change in the law or present new evidence dictating reconsideration of the Court's March 7, 2012 Order in his Motion.  Further, the Court perceives no need to correct error or prevent injustice based on the content of Plaintiff's

Motion.  Simply put, Plaintiff does not satisfy the requisite standard for the Court to reconsider its March 7, 2012 Order.  As stated in the March 7, 2012 Order, Plaintiff has not met his burden of making a specific and documented factual showing that an oral deposition will be dangerous to his health, and Plaintiff again fails to meet that burden in the Motion at issue.

Moreover, Defendants are entitled to obtain Plaintiff's testimony about this lawsuit through discovery.  Depositions are preferable to written questions because the credibility of the witness can be better observed at a deposition.  Nothing in the Federal or Local Rules entitles Plaintiff to bring a lawsuit seeking six million dollars in damages yet escape the responsibility of providing his sworn testimony orally.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.  Plaintiff must cooperate with counsel for Defendants in scheduling his deposition to take place before the close of discovery, which is presently set as **April 20, 2012**.  [#32].  As stated in the March 7, 2012 Order, Plaintiff must appear for one oral deposition to last no more than seven hours, total.  The parties are directed to be mindful of Plaintiff's asserted disability and to schedule the timing and location of the deposition in consideration of such disability.  In the event that Plaintiff fails to cooperate with the scheduling of his deposition, the Court will recommend that his case be dismissed pursuant to Fed. R. Civ. P. 41(b).

Dated:  March 19, 2012