IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00355-PAB-KLM

DARWYNN L. BARWICK,

    Plaintiff,

v.

JEFFREY BEHNKE, D.P.O. No. 96003, and
MICHEAL MAY, D.P.O. No. 00045,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's "Motion for Production of Documents from the Defendants within 15 Days, Plaintiffs [sic] Stipulations to This His [sic] Motion Adopting of His Definitions in Their Answer Plaintiff's Motion for a Discovery Refferee [sic] and that His Emotional Support Animal Be Present at Deposition"** [Docket No. 50; Filed March 27, 2012] (the "Motion"). For the reasons stated below, the Court **GRANTS IN PART**, **DENIES IN PART**, and **DENIES WITHOUT PREJUDICE IN PART** Plaintiff's Motion.

As a preliminary matter, the Motion does not comply with the duty to confer prescribed by D.C.COLO.LCivR 7.1A. Pursuant to Local Rule 7.1A., Plaintiff must have conferred or made reasonable, good faith efforts to confer with opposing counsel to resolve <u>all</u> of the disputed issues raised in the Motion. Additionally, Plaintiff must state in the Motion, or in a certificate attached to the Motion, his specific efforts to comply with this

Local Rule. Plaintiff did not comply with these instructions in the Motion at issue. Plaintiff has been warned that his failure to comply with Local Rule 7.1A. may result in the denial without prejudice of the non-complying motion. *See Minute Ord.*, [#39]. **This is Plaintiff's last warning**: any future motion not in compliance with Local Rule 7.1A. will be summarily stricken from the record.

In the interests of judicial efficiency and expedience, the Court resolves Plaintiff's Motion as follows.[1]

**I.      Requests for Production**

Plaintiff includes his Requests for Production directed to Defendants in his Motion. Written discovery requests need not be filed with the Court, and it is unclear whether Plaintiff moves to compel responses to these requests. *See* Fed. R. Civ. P. 5(d)(1). If Plaintiff has served his written discovery requests on Defendants and seeks to compel their responses, Plaintiff may file a motion to compel compliant with Fed. R. Civ. P. 37(a)(3) and D.C.COLO.LCivR 37.1. The Motion is denied without prejudice in this respect.

**II.     Request for a "Discovery Refferee" [sic]**

Plaintiff asks the Court to appoint a "referee" to be present during his deposition, due to Plaintiff's expectation that opposing counsel may "become very difficult during the deposition process." [#50] at 4. Plaintiff presents no factual support indicating that opposing counsel have been anything other than professional during the course of this litigation. Nevertheless, the Court will grant this request as follows. Plaintiff's deposition may be conducted in the jury room attached to the undersigned's courtroom in the Byron

---

[1] The Court may rule on a motion at any time after it is filed, without waiting for the filing of a response or reply. D.C.COLO.LCivR 7.1C.

page

G. Rogers United States Courthouse. The undersigned will not be present at the deposition for its duration, but will be available in the Courthouse should a discovery dispute arise during the deposition. Plaintiff and counsel for Defendants shall conference together and call Chambers at (303) 335-2770 on or before **April 5, 2012**, to schedule a mutually convenient date and time for Plaintiff's deposition.

### III.     Request for Attendance of an Emotional Support Animal

Plaintiff requests that the Court issue an order allowing his "emotional support animal" to be present at his deposition. [#50] at 4. In support of this request, Plaintiff included two letters signed by Andrew Steele, MD, indicating that Plaintiff utilizes an emotional support animal, also referred to as his "therapy dog," for coping with his depression and anxiety. *Id.* at 8, 9. The letters are dated March 14, 2010, and April 13, 2011. *Id.* Plaintiff presents no other evidence or factual development related to this request. *See* [#50].

Pursuant to the regulations related to the Americans with Disabilities Act ("ADA") authored by the Department of Justice, a service animal is defined as "any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability." 28 C.F.R. § 36.104 (2011). "[T]he provision of emotional support, well-being, comfort, or companionship do[es] not constitute work or tasks for the purposes of this definition." *Id.* An emotional support animal may qualify as a "permitted reasonable accommodation[ ] for persons with disabilities" under the Fair Housing Act, but does not qualify as a service animal within the meaning of the ADA. *See* Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities, 75 Fed.

Reg. 56,236-01, 56,240 (Sept. 15, 2010) (codified at 28 C.F.R. pt. 36); 28 C.F.R. § 36.104. Plaintiff presents no authority indicating that emotional support animals are recognized as a permitted reasonable accommodation in public spaces (*i.e.*, not housing), and the Court's own research does not indicate that attendance of an emotional support animal during proceedings at a courthouse is a legally authorized accommodation.

The Court therefore denies Plaintiff's request to bring his emotional support animal to the Rogers Courthouse for his deposition, and denies without prejudice this request as it pertains to his deposition if held at a location other than the Rogers Courthouse. As previously explained to Plaintiff, he is a voluntary litigant who initiated this action, and nothing in the Federal or Local Rules entitles Plaintiff to bring a lawsuit seeking six million dollars in damages yet escape the responsibility of complying with the obligations that bind all litigants. *See Green v. Dorell*, 969 F.2d 915, 917 (10th Cir. 1992) (*Pro se* litigants "must follow the same rules of procedure that govern other litigants."); *Minute Ord.*, [#48].

**IV.    Conclusion**

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART**, **DENIED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART** as stated herein.

IT IS FURTHER **ORDERED** that Plaintiff and counsel for Defendants shall conference together and call Chambers at (303) 335-2770 on or before **April 5, 2012**, to schedule a mutually convenient date and time for Plaintiff's deposition, to be conducted in the jury room attached to the undersigned's courtroom in the Byron G. Rogers United States Courthouse.

Dated: March 28, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge