IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00355-PAB-KLM

DARWYNN L. BARWICK,

     Plaintiff,

v.

JEFFERY BEHNKE, D.P.O., No. 96003, and
MICHEAL MAY, D.P.O., No. 00045,

     Defendants.

_____

### ORDER
_____

This matter comes before the Court on the Motion to Reopen Case [Docket No. 66] filed by plaintiff Darwynn L. Barwick.  On May 23, 2012, defendants moved for summary judgment on all of plaintiff's claims [Docket No. 54].  On November 13, 2012, the magistrate judge recommended that the Court grant defendants' motion for summary judgment [Docket No. 63].  Neither party filed objections to the Recommendation and therefore, on December 4, 2012, the Court accepted the Recommendation and dismissed this case [Docket No. 64].  In his motion, plaintiff requests that the Court reopen this case so that he may file objections to the Recommendation [Docket No. 63].  In support, plaintiff asserts that he did not receive a copy of the Recommendation and, therefore, was not able to file timely objections. Docket No. 66 at 1-2.  Plaintiff states that, if the case is reopened, he intends to submit objections to the Recommendation in accordance with 28 U.S.C. § 636(b).  *Id*. Defendants do not oppose plaintiff's motion.  Docket No. 67 at 2.

On January 7, 2012, plaintiff filed a notice of appeal.  Docket No. 70.  On

January 8, 2012, the Tenth Circuit Court of Appeals abated plaintiff's appeal pending

the resolution of the motion to reopen.[1]  Docket No. 71.  Given that plaintiff's motion is

unopposed, it is

**ORDERED** that Plaintiff's Motion to Reopen his Case Based on No Proof of

Service on the Plaintiff of Magistrate Judge's Recommendation to Judge Philip. A.

Brimmer that Negated His Right to Respond or Object and Caused the Plaintiff's Case

to be Dismissed and the Defendant's Motion to be Granted [Docket No. 66] is

**GRANTED**.  It is further

**ORDERED** that the Clerk of the Court shall **REOPEN** this case.  It is further

**ORDERED** that, within 14 days of this Order, plaintiff shall file any objections to

the Recommendation.

DATED February 5, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1]Generally, the filing of a notice of appeal confers jurisdiction on the court of
appeals and divests the district court of its control over those aspects of the case
involved in the appeal.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58-
59 (1982).  However, if a party files a notice of appeal before the trial court has
disposed of a timely-filed motion pursuant to Fed. R. Civ. P. 59, the notice is effective
only after the district court resolves the Rule 59 motion.  Fed. R. App. P. 4(a)(4)(B);
*Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).  Because plaintiff is pro se,
the Court construes plaintiff's motion as a motion to alter judgment pursuant to Fed. R.
Civ. P. 59.