IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00355-PAB-KLM

DARWYNN L. BARWICK,

    Plaintiff,

v.

JEFFERY BEHNKE, D.P.O. No. 96003, and
MICHEAL MAY, D.P.O. No. 00045,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 63] filed on November 13, 2012. The magistrate judge recommends that the Court grant the Motion for Summary Judgment [Docket No. 54] filed by defendants Jeffery Behnke and Micheal May. On February 19, 2013, plaintiff Darwynn Barwick filed timely objections [Docket Nos. 78, 83] to the Recommendation.[1]  Therefore, the Court will "determine de novo any part of

---

[1] On November 13, 2012, the magistrate judge recommended that the Court grant defendants' motion for summary judgment [Docket No. 63]. Neither party filed objections to the Recommendation and therefore, on December 4, 2012, the Court accepted the Recommendation [Docket No. 64] and Final Judgment entered on December 5, 2012 [Docket No. 65]. On December 7, 2012, plaintiff filed a motion to reopen the case [Docket No. 66] alleging that he did not receive a copy of the Recommendation. On January 7, 2013, plaintiff filed a notice of appeal [Docket No. 68] with the Tenth Circuit Court of Appeals. On February 5, 2013, the Court granted plaintiff's motion to reopen the case [Docket No. 72] and ordered plaintiff to file any objections to the Recommendation within fourteen days of the Court's Order. The Tenth Circuit Court of Appeals dismissed plaintiff's appeal on February 28, 2013 [Docket No. 81].

the magistrate judge's disposition that has been properly objected to."[2] Fed. R. Civ. P. 72(b)(3).

The Recommendation found that plaintiff could not pursue a Fourth Amendment claim based on defendants' alleged lack of probable cause for his arrest. Docket No. 63 at 2. Plaintiff does not raise any specific objections to this aspect of the recommendation. *See United States v. 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (noting that "objections to [a] magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court"). In the absence of an objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Upon review, the Court finds no error with this aspect of the Recommendation. Fed. R. Civ. P. 72(b); *see* Docket No. 14 at 6-7 (noting that plaintiff's claims against defendants shall proceed with respect to the selective law enforcement claim only).

With regard to plaintiff's Fourteenth Amendment claim, the Recommendation concluded that plaintiff did not present sufficient evidence from which a jury could find that defendants arrested plaintiff because of a discriminatory motive and that plaintiff's

---

[2] Because the Recommendation contains a detailed statement of the case, the Court will only discuss the facts relevant to the resolution of plaintiff's objections. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

arrest had a discriminatory effect. Docket No. 63 at 9-10. Specifically, the Recommendation determined that the evidence in the record established that defendants had probable cause to arrest plaintiff based on Scott Sickler's testimony, which was corroborated by Ebony Cunningham, a witness to the events at issue. *Id*. at 10. Without evidence of a discriminatory motive, the Recommendation found that plaintiff could not establish that defendants violated his Fourteenth Amendment right to be free from racially selective law enforcement. *Id*. at 10-11.

In his objections, plaintiff argues that the Recommendation erred because it identified the date of the incident as July 27, 2012 and not July 27, 2010. Docket No. 78 at 1. Additionally, plaintiff contends that he should not have been arrested because his use of force against Mr. Sickler was justified as he used only the force reasonably necessary to protect his home. *Id*. at 3. Plaintiff also asserts that defendants arrested him because of his race, as opposed to Mr. Sickler, who is a white individual with a prior conviction for domestic violence. *Id*. Moreover, plaintiff claims that he can show that defendants had a discriminatory motive as shown by their not reviewing Mr. Sickler's criminal history and by their interviewing Mr. Cunningham, but none of plaintiff's other neighbors. Docket No. 83 at 8-9.

In order to establish an equal protection claim based on racially selective law enforcement, a plaintiff must present evidence that an officer's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003). To show a discriminatory effect, a plaintiff must "make a credible showing that a similarly-situated

individual of another race could have been, but was not, arrested . . . for the offense for which" plaintiff was arrested. *United States v. James*, 257 F.3d 1173, 1179 (10th Cir. 2001). The discriminatory purpose element requires a showing that a discriminatory intent was a "motivating factor in the decision." *United States v. Alcaraz-Arellano*, 441 F.3d 1252, 1264 (10th Cir. 2006); *United States v. Hernandez-Chaparro*, 357 F. App'x 165, 166 (10th Cir. 2009) ("Those seeking to establish an equal protection claim based on selective law enforcement face a high burden: they must dispel the presumption that a law enforcement official has not violated the Equal Protection Clause with 'clear evidence to the contrary'") (citation omitted).

The Court finds that the Recommendation's reference to 2012 is merely a clerical error and does not call into question the Recommendation's legal conclusions. *See Alcaraz-Arellano*, 441 F.3d at 1264 (noting that to establish a claim of selective enforcement, a plaintiff must produce "some evidence" of both discriminatory effect and discriminatory intent). In addition, the fact that plaintiff is black while Mr. Sickler is white is, by itself, insufficient to show that defendants arrested plaintiff because of a discriminatory motive. *Id*. ("the standard for proving a selective-enforcement claim . . . [is] 'a demanding one'") (citation omitted). It is undisputed that Mr. Cunningham, one of plaintiff's neighbors, told defendants that he witnessed plaintiff "knock [Mr. Sickler] on the ground and grab[] [Mr. Sickler] around his chest with [Mr. Sickler's] head in [plaintiff's] chest." Docket No. 54-4 at 1. Based on Mr. Cunningham's account of the incident, which was corroborated by Mr. Sickler, defendants had sufficient probable

cause to arrest plaintiff.[3]  *See* Colo. Rev. Stat. § 18-3-204; *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (noting that probable cause exists when "facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed").  Additionally, plaintiff does not assert that defendants made statements that were racially motivated or that defendants threatened to use physical harm.  Docket No. 63 at 9.  Plaintiff's only allegation regarding evidence that could lead to an inference of racial motivation is that defendant May "glared" at him.  *Id*.  However, evidence that a law enforcement official glared at plaintiff is not evidence from which a jury could reasonably infer that defendants were motivated by a racially discriminatory motive.  *See, e.g., Gardenhire v. Schubert*, 205 F.3d 303, 320 (6th Cir. 2000) (concluding that plaintiff's evidence the officer gave them "condescending glares" and told them to "get out of town" did not indicate discriminatory purpose because, while the officer's "manners may not have conformed to Emily Post standards, there is no evidence that he was motivated by racial animus").

Next, plaintiff claims that a jury could find that defendants had a discriminatory motive because they "cleared" his criminal record by checking his name and birth date in the criminal database, while they did not do the same for Mr. Sickler.  Docket No. 83 at 6.  However, there is no evidence that defendants reviewed plaintiff's criminal history

---

[3]As noted in defendants' objections, the "Make-My-Day" statute is a defense to a charge of assault and is not relevant to an analysis of probable cause.  Colo. Rev. Stat. § 18-1-704 *et seq*.; *see People v. Zukowski*, 260 P.3d 339, 343 (Colo. App. 2010) (noting that the make-my-day statute provides that an occupant of a dwelling can use physical force, including deadly force, against an intruder under certain circumstances and is immune from criminal prosecution).

because of plaintiff's race.  Plaintiff also does not provide evidence showing that these Denver Police officers routinely review the criminal histories of individuals that are not arrested.  *See Blackwell v. Strain*, 496 F. App'x 836, 846 (10th Cir. 2012) (finding that plaintiff had failed to show that a police officer behaved the way he did, even in part, because plaintiff was black because it was just as likely that the officer "behaves in this same manner toward all of the truckers he interacts with at the POE, regardless of their race"); *Johnson v. Crooks*, 326 F.3d 995, 1000 (8th Cir. 2003) (stating that "the Johnsons have offered no evidence that Crooks does not stop non-African Americans under similar circumstances," but instead, "rely on Ms. Johnson's personal opinion that she was stopped on account of her race, plus additional aspects of the encounter that do not directly evidence racial animus").  Without evidence that defendants acted contrary to their standard practices when they did not check Mr. Sickler's criminal history, the Court finds that no reasonable juror could conclude that defendants were motivated by a racially discriminatory motive.  *Blackwell*, 496 F. App'x at 846.

Additionally, plaintiff does not explain the relevance of Mr. Sickler's prior conviction.  The simple fact that Mr. Sickler might have a prior conviction for domestic violence does not rebut defendants' reasonable belief that Mr. Sickler's actions on that day did not warrant arrest.  Moreover, to the extent plaintiff argues that a reasonable jury could find that defendants had a discriminatory motive because they relied on Mr. Cunningham's testimony and did not interview plaintiff's neighbors, plaintiff has not identified a single one of his neighbors that was a witness to these events and was willing to provide a statement to defendants.  Docket No. 63 at 4.  Without evidence that defendants intentionally ignored witnesses, no reasonable juror could find that

defendants acted with a discriminatory motive when they did not interview plaintiff's neighbors. *Blackwell*, 496 F. App'x at 846. Thus, because plaintiff does not make a credible showing that defendants' discriminatory intent was a "motivating factor" in their arrest decision, the Court need not address whether defendants' actions had a discriminatory effect. *See James*, 257 F.3d at 1181 (declining to consider evidence of discriminatory intent because defendants failed to establish discriminatory intent); *United States v. Armstrong,* 517 U.S. 456, 463 (1996). Accordingly, the Court finds no error with the Recommendation's finding that plaintiff fails to raise a genuine dispute of material fact showing that his arrest was the result of racially selective law enforcement. Accordingly, defendants are entitled to summary judgment on this claim.

Given that plaintiff does not present sufficient facts establishing that defendants violated his constitutional rights, it is unnecessary for the Court to determine whether defendants are entitled to qualified immunity. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n. 15 (10th Cir. 2003) (upholding district court's ruling and finding that there was no need to reach the issue of qualified immunity because the defendants were objectively reasonable); *Schnebelen v. Porter*, 434 F. App'x 765, 766 (10th Cir. 2011) (same).

While this case was on appeal, plaintiff filed a Motion to Alter Judgment [Docket No. 75], and a Motion for an Extension of Time to file Objections to the Recommendation [Docket No. 76]. With regard to plaintiff's motion to alter judgment, a Rule 59 motion is warranted in the event of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or

prevent manifest injustice."[4] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's motion, however, does not argue that there has been an intervening change in the law and does not rely on previously unavailable evidence. *Id*. Moreover, to the extent that plaintiff argues the magistrate judge committed a clear error of law, as noted above, the Court finds no error with the Recommendation. Because plaintiff's motion does not call into question the Recommendation's conclusions, the Court will deny plaintiff's motion to alter judgment.

With regard to plaintiff's motion for an extension of time, given that plaintiff has already filed two objections to the Recommendation [Docket Nos. 78, 83], the Court finds that a further extension of time is not warranted and will deny the motion.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 63] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion to Alter Judgement and Conclusions of Law and Direct a New Entry in Favor of Darwynn L. Barwick in Civil Action No. 11-cv-00355N Darwyn L. Barwick v. Jeffery Behnke, D.P.O. No 96003 and Micheal May

---

[4]Plaintiff's motion cites Fed. R. Civ. P. 59(b), which is a request for a new trial. Docket No. 75 at 1. Reviewing plaintiff's motion liberally, the Court construes plaintiff's motion as "an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment" because the case is now reopened. *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991).

D.P.O. No. 00045 Pursuant to Fed. R. Civ. P. 59(B)(2) [Docket No. 75] is **DENIED**.  It is further

**ORDERED** that Plaintiff's Motion for an Extension of Time to File His Objection to the Recommendation of United States Majistrate [sic] Judge [Docket No. 76] is **DENIED**.  It is further

**ORDERED** that this case is closed in its entirety.

DATED May 28, 2013.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge